

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

April 23, 1968

Honorable Jesse James
State Treasurer
Capitol Building
Austin, Texas   78711

Opinion No. M-222

Re: Whether the State may
make payment of a claim
presented by the Admin-
istrator of the dece-
dent's estate for funds
previously delivered to
the State under the pro-
visions of Article 7.11,
Texas Business Corpora-
tion Act.

Dear Mr. James:

You have requested the opinion of this office as to whether the State of Texas can pay a claim from the Estate of Kramer W. Peterson, deceased, Richard D. Jarratt, Administrator, for funds held as liquidating dividends of the Texas Pacific Coal and Oil Company, paid to the Treasury Department under Article 7.11, Texas Business Corporation Act. Your letter reads, in part, as follows:

"We are in receipt of a claim from the Estate of Kramer W. Peterson, Deceased, Richard D. Jarratt, Administrator, in the amount of $6,907.00.

"Mr. Peterson was a resident of Florida and died before the claim could be completed. According to the information we have, Mr. Peterson had a surviving brother George Peterson.

"We are enclosing the claim and all the correspondence that we have had in connection with this claim and request an official written opinion as to whether the State Treasurer can pay this claim."

The file accompanying your request reveals

that Kramer W. Peterson was in the process of perfecting the above mentioned claim at the time of his death. Richard D. Jarratt qualified as Administrator of his estate and proceeded to seek the recovery of the above mentioned funds on behalf of the estate. The file also contains, among others, the following documents:

(1) Certificate for 100 shares of Texas Pacific Coal and Oil Company stock issued to Kramer W. Peterson;

(2) A certified copy of letters testamentary issued to Richard D. Jarratt by the County Court of Pinellas County, Florida;

(3) A certified copy of the Last Will and Testament of Kramer W. Peterson;

(4) An order of the County Court of Travis County, Texas, admitting the will of Kramer W. Peterson to probate as a foreign will and granting letters of administration to Richard D. Jarratt;

(5) A certificate of the County Clerk of Travis County, Texas, that Richard D. Jarratt qualified as Administrator of the Estate of Kramer W. Peterson;

(6) The affidavit of George Peterson that he is the brother of Kramer W. Peterson;

(7) The affidavit of Bonnie Westwood that George Peterson is the brother of Kramer W. Peterson.

The file further reflects that Mr. Jarratt has executed a bond acceptable to the Travis County Court in a sufficient amount to cover the funds in question.

The documents mentioned above reveal that Richard D. Jarratt has qualified as the Administrator of the Estate of Kramer W. Peterson in both Texas and Florida. These documents further reveal that there are specific devisees named in the will of Kramer W. Peterson and that there is in existence an heir at law.

Section 37 of the Probate Code reads as follows:

"When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees; and all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law; subject, however, to the payment of the debts of the testator or intestate, except such as is exempted by law; and whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but with the exception aforesaid shall still be liable and subject in their hands to the payment of the debts of the intestate; but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with law."

Under this Section the duly qualified executor or administrator is entitled to possession of the entire estate as it existed at the time of death, as trustee for the devisees and heirs of the deceased.

Article 7.11 of the Texas Business Corporation Act reads, in part, as follows:

"B. On receipt of satisfactory written and verified proof of ownership or of right to such fund within seven (7) years from the date such fund was so deposited, the State Treasurer shall certify such fact to the Comptroller of Public Accounts, who shall issue proper warrant therefor drawn on the State Treasurer in favor of the person or persons then entitled thereto. . . ."

There is no evidence that documents included in the file accompanying this request are false.  It is therefore the opinion of this office that Richard D. Jarratt is entitled to possession of the estate of Kramer W. Peterson for purposes of administration under the Texas Probate Code, and that you are required by Article 7.11 of the Texas Business Corporation Act to certify such fact to the Comptroller of Public Accounts, who shall issue proper warrant therefor.

### S U M M A R Y

In the absence of evidence that the documents on file in this matter are false, under the facts presented, the State is required to pay the claim of Richard D. Jarratt, Administrator of the Estate of Kramer W. Peterson, Deceased.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Brock Jones
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
John Reeves
Sam Kelley
John Grace

A. J. CARUBBI, JR.
EXECUTIVE ASSISTANT